ADAM GORDON
United States Attorney
OLEKSANDRA Y. JOHNSON
Assistant U.S. Attorney
California Bar No. 265442
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel:  (619) 546-9769
Email:  Oleksandra.Johnson@usdoj.gov

Attorneys for the Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24CR2712-JLS |
| Plaintiff, | Date: December 12, 2025 |
| v. | Time 1:30 p.m. |
| GEMMA TRAYA AUSTIN (1),<br>MICHAEL CRIS TRAYA SORDILLA (2),<br>BRYAN NAVALES TAROSA (3), | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br>**[ECF No. 66]** |
| Defendants. | |

Defendants SORDILLA and TAROSA's motions to dismiss the Indictment should be denied.  First, Defendants are charged with personally participating in two multi-year conspiracies within the Southern District of California, and their arguments about extraterritoriality, lack of domestic nexus, lack of jurisdiction over Innocentrix, or corporate formalities mischaracterize the charges.  Second, Defendants incorrectly claim that Count One of the Indictment does not allege a *mens rea*; that the conspiracy is vague because it fails to specify that the mail or wires were used; that it is duplicitous because it charges two separate offenses; and that it fails to allege the false statements were material. For the reasons below, these arguments fail.  Finally, the Defendants' request for a bill of particulars is untimely and should also be denied.

**PROCEDURAL HISTORY**

On December 9, 2024, a sealed complaint charging defendants MICHAEL CRIS TRAYA SORDILLA ("SORDILLA") and BRYAN NAVALES TAROSA ("TAROSA") with conspiracy to commit mail and wire fraud was filed in case 24-mj-04583-JLB. SORDILLA and TAROSA were arrested in the Southern District of California on December 9, 2024, and first appeared before a judicial officer of this court on December 10, 2024. On December 20, 2024, an Indictment charging GEMMA AUSTIN, SORDILLA, and TAROSA with conspiracy to commit mail and wire fraud (count one) and conspiracy to commit money laundering (count two) was filed in this case. ECF No. 16. Defendants AUSTIN and TAROSA were arraigned on the Indictment on December 24, 2024, and entered not guilty pleas. ECF Nos. 17, 18. Defendant SORDILLA was arraigned on the Indictment on January 7, 2025, and entered a not guilty plea. ECF No. 27.

**DISCUSSION**

**A. Motions to Dismiss the Indictment Should Be Denied**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged...." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy. *Hamling v. United States*, 418 U.S. 87, 117 (1974). Two corollary purposes of an indictment are: (1) to ensure that the defendants are being prosecuted on the basis of the facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment. *See Russell v. United States*, 369 U.S. 749, 768-71 (1962); *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir. 1980); *United States v. Cecil*, 608 F.2d 1294, 1296-97 (9th Cir. 1979); *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979).

**1.  The Indictment Sufficiently Charges a Conspiracy to Commit Mail and Wire Fraud Under 18 U.S.C. § 1349 and Is Not Duplicitous**

The Defendants are charged in Count One of the Indictment with conspiracy to violate Title 18, Section 1349 (mail and wire fraud). Mail and wire fraud statutes prohibit

devising "any scheme or artifice to defraud, or for obtaining money or property" by specified means. 18 U.S.C. §§ 1341, 1343.  Consistent with the statutory language, the Ninth Circuit's model jury instructions refer to "money or property" in defining the first two elements of wire fraud. *See* Ninth Circuit Model Criminal Jury Instruction No. 15.35 (2022 ed., updated Mar. 2023) (defining the first element as knowing participation in "a scheme or plan to defraud, or a scheme or plan for obtaining money or property by" specified means, and explaining that the second element requires statements or omissions to have "a natural tendency to influence, or were capable of influencing, a person to part with money or property").

The seven-page Indictment in this case describes the fraudulent scheme to obtain money from victims, specifies the time period for the charged conduct, and also describes different used to perpetrate the fraudulent scheme.  Count One of the Indictment charges:

> From at least September 2017, and continuing up to and including December 9, 2024, within the Southern District of California and elsewhere, defendants GEMMA TRAYA AUSTIN, MICHAEL CRIS TRAYA SORDILLA, and BRYAN NAVALES TAROSA, together with each other and with others known and unknown, knowingly and intentionally conspired to commit mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343.

Indictment at ¶ 6, ECF No. 16.

The charges in the Indictment track the statutory language and specifically allege that to execute the fraudulent scheme, conspirators "operated a book publishing scam targeting elderly victims throughout the United States, including in the Southern District of California," "falsely represented that PageTurner was a book publishing business that acted as a liaison between individuals who sought to publish their books or have their books turned into motion pictures or television series," "falsely represented PageTurner worked with literary agents, major motion picture studios, and popular video streaming services," "impersonated literary agents and executives from major publishers, motion picture studios, and popular video streaming services," "fraudulently convinced victim-authors to send

PageTurner payments to, for example, pre-pay taxes, pay transaction fees, or pay for services before the victim-author's work could be published or optioned to studios, and "falsely told victim-authors their works had been selected for acquisition by publishers or movie studios."  ECF 16 at 2-3; *cf. United States v. Forrester*, 616 F.3d 929, 941 (9th Cir. 2010) (affirming denial of motion to dismiss and finding indictment sufficient in part because it "track[ed] the language of the conspiracy statute").

Defendants' argument that the Indictment is vague because it does not allege that the mail or wires were used, Mot. at 15, ECF No. 66, ignores the operative statute charged in Count One: 18 U.S.C. § 1349.  Unlike substantive counts of wire fraud under § 1343, the conspiracy charge under § 1349 does not require overt acts or allegations of any specific illegal transactions.

Defendants also argue that the Indictment fails to allege a *mens rea*.  Mot. at 16, ECF No. 66.  Defendants cite *United States v. Du Bo*, 186 F.3d 1177, 1180 (9th Cir. 1999), where the conviction was overturned because the indictment lacked a necessary allegation of criminal intent.  The defendant in that case was charged with Hobbs Act, which requires acting "knowingly or willingly." Instead, the indictment in *Du Bo* charged the defendant only with "unlawfully" affecting commerce by the "wrongful" use of force. Unlike the *Du Bo* case, the Indictment here alleges that the defendants "knowingly and intentionally conspired."  Indictment at ¶ 6, ECF No. 16.

Relying on *United States v. Milheiser*, 98 F.4th 935 (9th Cir. 2024), Defendants argue that the Indictment is deficient because it fails to state the false statements were material. Mot. at 17, ECF No. 66.  Defendants misapprehend the holding of *Milheiser*.  There, the government had charged an overbroad theory of fraud that did not require the jury to find that the defendants deceived the victims of the nature of the bargain. *See* 98 F.4th at 938. The Court held that the theory was overbroad because it allowed for finding fraud even if the victim-businesses received the product they ordered at the agreed price, and further that the government inaccurately argued in closing arguments that any lie that caused someone to part with money constituted fraud. *Id.* at 945. The Ninth Circuit held that in order "to

1  support a conviction for fraud, a false statement must directly or indirectly deceive the

2  victim about the nature of the bargain." *Milheiser*, 98 F.4th at 945.

3      The Indictment here provides fair notice to defendants about the alleged scheme to

4  defraud involving a book publishing scam.  The materiality of the false statements amounts

5  to an evidentiary issue. The indictment stage, however, "is not the appropriate time to

6  require the Government to present its proof."  *United States v. Buckley*, 689 F.2d 893, 900

7  (9th Cir. 1982); *United States v. Holmes*, No. 5:18-CR-00258-EJD, 2020 WL 666563, at *6

8  (N.D. Cal. Feb. 11, 2020) ("[T]he Government need not allege in the indictment its case

9  theory or the evidence underlying the charges. The Government must only provide enough

10  facts to apprise a defendant of what defense should be prepared for trial. Hence, the

11  Government need not allege specific misstatements to meet the "fair notice" requirement.").

12  "[A]n indictment should be: (1) read as a whole; (2) read to include facts which are

13  necessarily implied; and (3) construed according to common sense." *Buckley*, 689 F.2d at

14  899.  Common sense, not specific allegations is the standard.  *See United States v. Curtis*,

15  506 F.2d 985, 990 (10th Cir. 1974) ("While the particulars of the scheme ... must be

16  described with a degree of certainty sufficient to ... fairly to acquaint the defendant will [sic]

17  the particular fraudulent scheme charged against him, still the scheme itself need not be

18  pleaded with all the certainty in respect of time, place, and circumstance...." (emphasis

19  added)).[1]

20      Defendants' argument regarding duplicity likewise fails.  Mot. at 21, ECF No. 66.

21  Count one (conspiracy to commit mail and wire fraud) is not duplicitous because it alleges

22  that the two offenses were part of the common scheme.  Under Federal Rule of Criminal

23  Procedure 8(a), an indictment may charge a defendant with two or more offenses in a

24  singular count only "if the offenses charged—whether felonies or misdemeanors or both—

25  are of the same or similar character, or are based on the same act or transaction, or are

26  connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). An

27

28

---

[1] The government intends to seek a Superseding Indictment that includes allegations of materially fraudulent statements.

indictment does not violate the Rule Against Duplicity if one count charges a "conspiracy to commit more than one offense." *United States v. Smith*, 891 F.2d 703, 713 (9th Cir. 1989), as amended, 906 F.2d 385 (9th Cir. 1990) (citing *Braverman v. United States*, 317 U.S. 49, 54 (1942)).   But a conspiracy does violate the Rule if a single count charges multiple, distinct conspiracies. *See United States v. Gordon*, 844 F.2d 1397, 1401 (9th Cir. 1988).

Here, Count One of the Indictment charges a single conspiracy in pursuit of a single shared objective. As such, there is no duplicity, and the motion should be denied.  But even where a defendant establishes duplicity, dismissal of the duplicitous count is only appropriate where there is no lesser remedy. *See United States v. Sturdivant*, 244 F.3d 71, 79 (2d Cir. 2001). Short of dismissal, before trial, courts have permitted the government to elect to go forward with only one of the distinct crimes charged in a duplicitous count. *See, e.g., United States v. Aguilar*, 756 F.2d 1418, 1422–24 (9th Cir. 1985). At trial, a duplicitous count may be cured by properly instructing the jury that they must unanimously agree upon which crime was committed. *E.g., United States v. Murray*, 618 F.2d 892, 898 (2d Cir. 1980). Indeed, "[t]he entire count should not be dismissed when a less drastic ruling will suffice." *United States v. Goodman*, 285 F.2d 378 (5th Cir. 1960).

### 2. Jurisdiction and Extraterritoriality

Defendants raise a jurisdictional challenge involving the Philippines citizenship of Innocentrix, SORDILLA, and TAROSA.   They argue that the government only has jurisdiction over PageTurner and Defendant Gemma AUSTIN, who is a United States citizen.   Mot. at 5, ECF No. 66. Defendants also claim that the Indictment should be dismissed for insufficient domestic nexus.  *Id.* at 9-10.

In the Ninth Circuit, "in order to apply extraterritorially a federal criminal statute to a defendant consistent with due process, there must be a sufficient nexus between the defendant and the United States so that such an application of a domestic statute to the alleged conduct would not be arbitrary or fundamentally unfair." *United States v. Davis*, 905 F.2d 245, 248–49 (9th Cir. 1990) (internal citation omitted).  This requirement "ensures that a United States court will assert jurisdiction only over a defendant 'who should

reasonably anticipate being haled into court' in this country." *United States v. Klimavicius–Viloria*, 144 F.3d 1249, 1257 (9th Cir.1998) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In this case, the Court has jurisdiction because the conduct alleged in the Indictment took place in the Southern District of California and elsewhere. *See United States v. Kazzaz*, 592 Fed. Appx. 553, 554 (9th Cir. 2014) (holding, as to a defendant charged with numerous counts, one of which was wire fraud, that the court need not reach the issue of extraterritorial application: "Because the stipulated facts show a sufficient domestic nexus with the United States for the mail-fraud and wire-fraud counts, we need not address whether these statutes have extraterritorial application.").

Defendants also argue there is insufficient domestic nexus because the Indictment does not allege details of money laundering transactions as required by 18 U.S.C. § 1956(f). Defendants' reliance on § 1956(f) is misplaced, because that provision deals with extraterritorial jurisdiction.  Section 1956 provides that "[a] prosecution for an attempt or conspiracy offense under [§ 1956 or § 1957] may be brought in the district where venue would lie for the completed offense under [§ 1956(i)(1)], or in any other district where an act in furtherance of the attempt or conspiracy took place."  In turn, § 1956(i)(1) states that venue lies in "any district in which the financial or monetary transaction is conducted."  As discussed above, the Indictment alleges conspiracy to commit money laundering, in violation of § 1956(h), which took place within the Southern District of California.  A conviction for violation of 18 U.S.C. § 1956(h) does not require proof of an overt act in furtherance of the conspiracy. *Whitfield v. United States*, 543 U.S. 209, 219 (2005). There is no need to reach extraterritoriality analysis because the alleged conduct was domestic.

### 3.  Corporate Veil and Alter Ego

Defendants argue that the government cannot bypass the corporate form of Innocentrix and criminally prosecute its officers by simply alleging unlawful and conspiratorial conduct in an indictment.   Mot. at 5-7, ECF No. 66.  Defendants' argument is misplaced, because Innocentrix is not a defendant in this case. There is no need to pierce

*U.S. v. Austin et al*                                                                                    24CR2712-JLS

the corporate veil to establish that Innocentrix was PageTurner or vice versa. The Government's charges stem from the individual conduct of SORDILLA and TAROSA, specifically their personal involvement in the book publishing scam and money laundering conspiracies.

**B. Motion for Bill of Particulars Should Be Denied**

Rule 7(f) provides, in pertinent part, that: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Here, TAROSA was arraigned on the Indictment on December 24, 2024, and SORDILLA was arraigned on the Indictment on January 7, 2025. Defendants' motion for a bill of particulars was not filed within months of their arraignment, not to mention 14 days. Nor have the Defendants requested leave of court to file their request at this time, or even suggested that good cause might exist. Accordingly, this Court should deny Defendants' request for a Bill of Particulars as untimely.

Even if the Court decides to entertain this motion on its merits, it should still be denied because Defendants know what crimes they are charged with committing. "The bill of particulars has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). *Accord*, *United States v. Andrino*, 501 F.2d 1373, 1378 (9th Cir. 1974); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963). In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. *Giese*, 597 F.2d at 1180. Full discovery will obviate the need for a bill of particulars. *Id.*; *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973). The denial of a motion for a

bill of particulars is within the discretion of the district court; its decision will not be disturbed absent an abuse of this discretion. *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973).

The Ninth Circuit has a long-established and stable body of case law addressing both the purposes of bills of particulars and the standards under which such motions are evaluated. *See, e.g.*, *United States v. Robertson*, 15 F.3d 862, 874 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 669 (1995), and opinion reinstated in part, 73 F.3d 249 (9th Cir. 1996) (no bill of particulars was necessary where the indictment "contained the names of alleged coconspirators, the approximate dates on which the alleged illegal conduct occurred, and the overt acts that comprised the illegal activity); *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (defendant not entitled to a bill of particulars where the indictment included five separate means and methods used to carry out the conspiracy, fifteen overt acts committed to further the conspiracy, and where the government provided a significant amount of discovery); *United States v. DiCesare*, 765 F.2d 890, 897, *as amended*, 777 F.2d 543 (9th Cir. 1985) (no bill of particulars is warranted to obtain names of unknown coconspirators, determine the exact date when the conspiracy allegedly began, or to delineate all other overt acts ); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *Giese*, 597 F.2d at 1180.

A defendant may not use a bill of particulars to obtain a complete outline of the Government's evidence. *Giese*, 597 F.2d at 1181. As the Ninth Circuit has noted, "'A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case.'" *Id.* (quoting *Yeargain*, 314 F.2d at 882). The key factor in deciding whether a bill of particulars is warranted is whether or not the defense has been adequately advised of the charges. This can be done in a variety of ways, but is most commonly accomplished by reference to the indictment itself. *Robertson*, 15 F.3d at 873-74 (stating that "bill of particulars was not necessary. . . because the indictment apprised [defendant] of the specific charges against him, thereby minimizing the danger of surprise at trial; aided him in preparing for trial; and protected him against double jeopardy."). The

court may also look beyond the indictment in determining whether the defense has been adequately advised of the charges and may consider "all other disclosures made by the government." *Giese*, 597 F.2d at 1180; *accord Mitchell*, 744 F.2d at 705 ("The purposes are served if the indictment itself provides sufficient details of the charges and if the Government provides full discovery to the defense."). "The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense." *United States v. Giffen*, 379 F. Supp. 2d 337, 346 (S.D.N.Y. 2004).

The allegations of the indictment are presumed to be true. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). The Government need not allege its theory of the case or supporting evidence, but only the "essential facts necessary to apprise a defendant of the crime charged." *United States v. Markee*, 425 F.2d 1043, 1047-48 (9th Cir. 1970). Indictments alleging a scheme to defraud must provide sufficient facts to fulfill the purposes of an indictment. *See United States v. Cecil*, 608 F.2d at 1297. Yet, the issue in judging the sufficiency of the indictment is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case. *United States v. Thordarson*, 646 F.2d 1323, 1337 & n.25 (9th Cir. 1981).

1

2                          **<u>CONCLUSION</u>**

3          For the reasons above, the Court should deny Defendants' Motions.

4

5    DATED: December 5, 2025              Respectfully submitted,

6                                         ADAM GORDON
                                          United States Attorney
7

8                                         */s/ Oleksandra Y. Johnson*
                                          OLEKSANDRA Y. JOHNSON
9                                         Assistant U.S. Attorney

10

11                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*U.S. v. Austin et al*                    11                    *24CR2712-JLS*